**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3313
_____

HENRY SAYE GOFAN JUNIOR,
Appellant

v.

DARLENE J. PEREKSTA; THOMAS M. BROWN; EDWARD BELMOUNT;
KATHLENE REDPATH PEREZ; MARK A. FURY; ALSON RIDDICK;
VERNON CLASH; STEPHEN SLAVEN; STEVEN ELMER;
LAURA ALLISON YEADE; DAVIT L. SOFFER; JESSICA LYONS;
KEVIN B. STARKEY; ANTHONY COWELL; JOHN A. TONELLI;
WILLIAM B. ZIFF; KEVIN MITCHELL; M. DILLION; N. BOTTERIE;
R. SANTIAGO PATERSON; CORRECTION OFFICER  REESE;
CHARLES ELLIS; CHARLES PETERS, a/k/a PETERSON; S. H. DAVIS;
PAMELA L. SAUNDERS, a/k/a MS. MARSHALL; LAURA KOTARBA;
CORRECTION OFFICER C. JOHNSON; SGT. VICTOR; SUE REGAN;
KATHLENE PETRUCCI; SKYLAR WEISSMAN; STACEY GUERDS;
CYNTHA LIECARDO; ANGELO J. ONOFRI; WILL MULRYNE;
KELVIN SMITH; CORRECTION OFFICER CLARK; TODD WILSON;
RAUA SCOTT; WALT; CORRECTION OFFICER MCMILLION;
LT.  OLIVER; MS. WHYTE; LT. FARAVONI; SGT. MARZA,
sued in their individual, official, and unofficial capacity and under color of the state
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-16-cv-08559)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 16, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, Circuit Judges

(Opinion filed:  October 17, 2023)

_____

OPINION[*]
_____

PER CURIAM

Appellant Henry Saye Gofan, Jr., a pro se litigant proceeding in forma pauperis, appeals from the District Court's judgment in favor of the Defendants. For the following reasons, we will affirm.

I.

Bringing his case under 42 U.S.C. 1983, Gofan alleged several claims, including: false arrest, unlawful seizure in the form of blood withdrawn without a warrant, excessive force, malicious prosecution, withholding of exculpatory evidence, denial of access to the courts, conspiracy, and fraudulent concealment. Following a round of motions, the District Court dismissed these claims. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review under § 1915(e)(B)(ii) with respect to the grant of summary judgment. See Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 415 (3d Cir. 2011); see also Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). We review the facts in the light most favorable to the non-moving party. See Burns v. Pa. Dep't. of Corr., 642 F.3d 163, 170 (3d Cir. 2011). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011). "It is well settled that an appellant's failure to identify

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

or argue an issue in his opening brief constitutes [forfeiture] of that issue on appeal." U.S. v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005). See also In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (concluding that appellants forfeited arguments that were not developed in their opening brief). "[W]e will not consider new claims for the first time on appeal." In re Reliant Energy Channelview LP, 594 F.3d 200, 209 (3d Cir. 2010).

II.

Gofan presents no arguments in his opening brief challenging the District Court's judgment; instead, he makes conclusory statements and repeats the contentions found in his complaint. Consequently, affirming the judgment of the District Court is warranted on this basis alone. However, in his reply brief, Gofan raises two central issues. Because Gofan is an inexperienced pro se litigant and out of an abundance of caution, we will address these issues, which relate to the following facts of the case.

On May 6, 2014, Gofan was driving a vehicle while intoxicated and without a license. He noticed a police vehicle behind him, and turned into an alleyway. Defendant Steven Elmer, a police officer, approached Gofan's vehicle and asked him to exit the vehicle, but Gofan alleged in his complaint that he was unable to exit the vehicle because the door was stuck. Gofan alleged that Elmer used excessive force to remove him from the vehicle, sprayed him with an aerosolized irritant, handcuffed him, and took him to a hospital. Since Gofan refused to give his name or submit to a breathalyzer test, fingerprints were taken. Elmer obtained a warrant from a local judge to draw blood from Gofan, and subsequently did so. Gofan alleged that this constituted an unlawful seizure. The District Court concluded that Elmer had probable cause—and therefore qualified

3

immunity—as to Gofan's false arrest claim, and that Gofan's claims regarding his fingerprinting were meritless because he was properly seized. The District Court also determined that Gofan's remaining claims against Elmer were barred by the statute of limitations.

"In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury." Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). In New Jersey, plaintiffs are thus subject to a two-year statute of limitations. "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." Id. Gofan's claims arose from an incident that occurred on May 16, 2014; therefore, he had until May 16, 2016, to file his complaint, but did not file it until November 16, 2016. Although equitable tolling of statutes of limitation "may be appropriate… where the plaintiff in some extraordinary way has been prevented from asserting his or her rights," see Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)), Gofan failed to present a convincing reason for equitable tolling. Thus, his claims are time-barred. And since Elmer raised the statute of limitations defense in his answer, he did not waive it. See Fed. R. Civ. P. 8(c)(1). For these reasons, the District Court concluded that dismissal of these claims was warranted. Gofan challenges that conclusion in his appellate reply brief, but fails to present a cogent legal argument against it. Upon review, we conclude that Gofan's claims against Elmer were time-barred, and therefore were properly dismissed by the District Court.

4

Gofan also challenges in his reply brief the District Court's conclusions regarding the immunity of Elmer and the "Judiciary Defendants." Gofan leaves the meaning of this term unclear, and does not explain why the District Court's conclusions should be deemed erroneous. The District Court determined that Defendants Darlene J. Pereksta and Thomas M. Brown had judicial immunity as judges that presided over Gofan's criminal case. See Stump v Sparkman, 435 U.S. 349, 355-56 (1978). The District Court also concluded that Defendants John A Tonelli, a former executive director for the Advisory Committee on Judicial Conduct; William B. Ziff, an attorney with the Office of Attorney Ethics; Sue Regan, a trial court administrator; and Elmer in his official capacity as a police officer were protected by absolute or qualified immunity. As employees of the New Jersey court system, Tonelli, Ziff, and Regan were entitled to Eleventh Amendment sovereign immunity. See Capogrosso v. Supreme Court of New Jersey, 588 F.3d 180, 185 (3d Cir. 2009). See also McArdle v. Tronetti, 961 F.2d 1083, 1084 (3d Cir. 1992) ("At common law, persons functioning as integral parts of the judicial process enjoyed absolute immunity from civil liability…. Similarly, the Supreme Court has held that persons functioning as integral parts of the judicial process are immune from suits under Section 1983."). We assume that Pereksta, Brown, Tonelli, Ziff, and Regan are the "Judiciary Defendants" to whom Gofan is referring in his reply brief. Upon review, we perceive no error with the District Court's rulings regarding these Defendants. And regardless of immunity, claims against Elmer were time-barred, as noted above.

Accordingly, we will affirm the judgment of the District Court.

5